BURTON HAROLD WOLFE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfe v. Commissioner
Docket No. 21251-90
United States Tax Court
T.C. Memo 1992-267; 1992 Tax Ct. Memo LEXIS 289; 63 T.C.M. (CCH) 2951; May 11, 1992, Filed *289 Decision will be entered under Rule 155. P received unemployment compensation under California's Unemployment Compensation statute. P subsequently received disability benefits under California's Unemployment Compensation Disability statute. The parties agree that petitioner's unemployment compensation is includable in his gross income but disagree as to whether any portion of his disability benefits must also be included. Held: P's disability benefits are "in the nature of unemployment compensation" to the extent that they equal the amount of unemployment compensation P could have collected but for his disability. Accordingly, P must include such portion of his disability benefits in his gross income under sec. 85, I.R.C.
James M. Lowy, for petitioner. Lin Murphy, for respondent. PATE
PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
*290 Respondent determined a deficiency in petitioner's 1987 Federal income taxes of $ 1,048 and additions to tax for negligence of $ 52 and 50 percent of the interest with respect to that portion of the underpayment attributable to negligence. The deficiency was based on an increase in petitioner's gross income of $ 7,296 for disability benefits he received from the State of California. Respondent now concedes that the increase in petitioner's gross income for 1987 should have been $ 2,158, instead of the $ 7,296 set forth in the notice of deficiency. The difference of $ 5,138 represents the amount petitioner received in disability benefits in excess of the amount he would have received as unemployment compensation but for his disability. Respondent also concedes that petitioner is not liable for the additions to tax for negligence. After such concessions, the sole issue left for our decision is whether petitioner may exclude from gross income that portion of his disability benefits which equals the amount he would have received as unemployment compensation but for his disability. This case was submitted fully stipulated pursuant to Rule 122. The Stipulation of Facts and attached *291 exhibits are incorporated herein by this reference. Burton Harold Wolfe (hereinafter petitioner) filed his individual 1987 Federal income tax return with the Internal Revenue Service Center, Fresno, California. He resided in San Francisco, California, at the time he filed his petition. FINDINGS OF FACT Between January 7, 1986 and February 1987, petitioner worked as a private chauffeur. From February through May 1987, petitioner received unemployment compensation benefits from the State of California, pursuant to Division I, part 1 of the California Unemployment Insurance Code (hereinafter unemployment compensation), while he sought employment as a private chauffeur. Because petitioner has an osteoarthritic condition that has worsened over a period of several years, he applied for disability benefits from the State of California while collecting his unemployment compensation. After undergoing several physical examinations, the Employment Development Department of the State of California (hereinafter the EDD) ruled that petitioner was disabled under section 2626 of the California Unemployment Insurance Code (West 1986). In May 1987, petitioner began to receive disability benefits *292 under Division I, part 2 of the California Unemployment Insurance Code (hereinafter disability benefits). The EDD issued petitioner a Form 1099G-UC for 1987 reporting total benefit payments of $ 9,454, consisting of $ 2,158 of unemployment compensation, and $ 7,296, of disability benefits. On his 1987 Federal income tax return, petitioner reported the unemployment compensation, but did not report the disability benefits. In the notice of deficiency, respondent increased petitioner's gross income by the $ 7,296 of disability benefits. On February 2, 1991, petitioner wrote to the EDD questioning the taxability of his 1987 disability benefits. By letter dated March 19, 1991, the EDD informed petitioner that, since he had received unemployment compensation immediately prior to his receipt of disability benefits, the subsequent disability benefits "are considered payments in lieu of" unemployment compensation "and therefore [are] reportable benefits". However, the EDD also stated that the amount of disability benefits petitioner is required to report "is not to exceed the maximum benefit amount you [petitioner] could have received in [unemployment compensation]". It attached a corrected *293 Form 1099G-UC reflecting the maximum amount which petitioner could have received in unemployment compensation ($ 4,316) but for his disability. This corrected Form 1099G-UC reflected the total amount of unemployment compensation reported on the original Form 1099G-UC of $ 2,158 plus a portion of his disability benefits equal to $ 2,158. Petitioner contends that he need only include in his gross income the $ 2,158 he received as unemployment compensation. Respondent maintains that petitioner must include the entire $ 4,316 in his gross income, the total of the $ 2,158 received as unemployment compensation, plus the $ 2,158 received as disability benefits. OPINION The California Unemployment Insurance Code provides that unemployment compensation be paid to eligible unemployed individuals. Cal. Unemp. Ins. Code sec. 1251 (West 1986) (hereinafter Cal. Unemp. Ins. Code). Benefits are paid out of the Unemployment Fund which is funded by employer contributions. Cal. Unemp. Ins. Code secs. 131, 976. To be eligible, the individual, inter alia, must be unemployed, be able and available to work, and must demonstrate that he or she is searching for employment. Cal. Unemp. Ins. Code *294 sec. 1253. An eligible individual may receive unemployment compensation for a maximum of 26 weeks during a 52-consecutive week period. Cal. Unemp. Ins. Code secs. 1281(b)(1). The weekly benefit amount is based upon the individual's prior wages and is payable in an amount ranging from a low of $ 30 to a high of $ 166. [2]Cal. Unemp. Ins. Code secs. 1277.5, 1280(c). An unemployed individual who is unable to work or seek employment due to illness or disability may qualify for unemployment compensation disability benefits (hereinafter disability benefits). Cal. Unemp. Ins. Code secs. 2625, 2626. Disability benefits are paid to eligible individuals out of the Unemployment Compensation Disability Fund which is funded from wages withheld from employees working in California. Cal. Unemp. Ins. Code secs. 131, 144, 2901. Section 140.5 of the California Unemployment Insurance Code defines "unemployment *295 compensation disability benefits" as: money payments payable * * * to an eligible unemployed individual with respect to his wage losses due to unemployment as a result of illness or other disability resulting in such individual being unavailable or unable to work due to such illness or disability. Under the California Unemployment Insurance Code, an unemployed disabled individual is eligible to receive disability benefits for any period that he or she has not received nor is entitled to receive unemployment compensation. Cal. Unemp. Ins. Code sec. 2628. Such individual is only entitled to disability benefits if he or she is unemployed due to such disability. Cal. Unemp. Ins. Code secs. 140.5, 2627. An eligible individual may receive disability benefits for a maximum of 52 weeks. Cal. Unemp. Ins. Code sec. 2653. The weekly benefit amount is based upon an individual's prior wages and is payable from a low of $ 50 to a high of $ 224. Cal. Unemp. Ins. Code sec. 2655. Petitioner contends that the entire amount he received as disability benefits is excludable from his gross income under section 104(a)(3). Section 104(a)(3) provides an exclusion from gross income for: amounts *296 received through accident or health insurance for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer) * * *. Moreover, for purposes of section 104, section 105(e)(2) specifically includes as amounts received through accident or health insurance -- "amounts received from a sickness and disability fund for employees which is maintained under the law of a State". Therefore, because petitioner's disability benefits were received from a disability fund for employees maintained by the State of California, such benefits are treated as amounts received through accident or health insurance for purposes of section 104(a)(3). Moreover, because the disability benefits paid to petitioner from the Unemployment Compensation Disability Fund are not attributable to contributions by petitioner's employer, the benefits thereunder do not come within the exception contained in section 104(a)(3). See Cal. Unemp. Ins. Code secs. 131, 144, 2901. Therefore, absent more, the entire amount of petitioner's *297 disability benefits would be excludable from his gross income under section 104(a)(3). Respondent concedes that $ 5,138 of such disability benefits is excludable from petitioner's gross income, but maintains that petitioner must include the balance of his disability benefits in his gross income because he received that amount as a substitute for unemployment compensation and, therefore, it is taxable. Section 85(a) provides that an individual must include in his gross income amounts he received as unemployment compensation. Further, the term "unemployment compensation" includes any amount received under a law of the United States or of a State which is "in the nature of unemployment compensation". Sec. 85(b). Pursuant to this statutory framework we must decide whether the disability benefits received by petitioner pursuant to the California Unemployment Insurance Code are "in the nature of unemployment compensation" and, therefore, includable in his gross income under section 85(a) and (b). The regulations under section 85 provide us with some insight as to what types of benefits are "in the nature of unemployment compensation". Section 1.85-1(b)(1)(ii), Income Tax Regs., states, *298 in relevant part, that: Amounts in the nature of unemployment compensation * * * include cash disability payments made pursuant to a governmental program as a substitute for cash unemployment payments to an unemployed taxpayer who is ineligible for such payments solely because of the disability. Usually these disability payments are paid in the same weekly amount and for the same period as the unemployed compensation benefits to which the unemployed taxpayer otherwise would have been entitled. * * * Thus, the regulations explain that a taxpayer's disability benefits must be included in gross income to the extent that they were received because the taxpayer was "ineligible" to receive unemployment compensation "solely because of the disability". Id. Furthermore, section 1.85-1(b)(1)(ii), Income Tax Regs., indicates that the taxable amount of disability benefits included under section 85 is equal to the amount of unemployment compensation to which the taxpayer "otherwise would have been entitled". This regulation closely parallels the explanation of the tax treatment of disability benefits in H. Rept. 95-1445, 1978-3 C.B. (Vol. 1) 181, 223, which accompanied *299 the enactment of section 85, and which provides in relevant part as follows: The definition of unemployment compensation covered by this provision * * * includes disability benefits paid under Federal or State law as a substitute for unemployment benefits to individuals who are ineligible for unemployment benefits because they are disabled * * *. [Fn. ref. omitted.] In a footnote to this definition, Congress specifically referenced two revenue rulings which illustrate treatment of unemployment compensation paid under New York and Hawaii's programs; Rev. Rul. 75-499, 1975-2 C.B. 43 (which deals with New York's unemployment disability program), and Rev. Rul. 75-479, 1975-2 C.B. 44 (which deals with Hawaii's unemployment disability program). H. Rept. 95-1445, 1978-3, C.B. (Vol. 1) 181, 221 n.2, 223 n.5. The statute which establishes New York's disability program provides that: An employee whose employment * * * is terminated and who during a period of unemployment * * * immediately following such termination * * * shall become ineligible for benefits currently being claimed under the unemployment insurance law solely because *300 of disability * * * and is not then otherwise eligible for benefits under this article, shall be entitled to receive disability benefits * * * for each week of such disability for which week he would have received unemployment insurance benefits if he were not so disabled * * *. [N.Y. Workers' Comp. Law, sec. 207(1); Fn. ref. omitted.] Thus, New York provides disability benefits to the unemployed individual "for each week of disability for which the individual would have received unemployment benefits but for the disability". Rev. Rul. 75-499, 1975-2 C.B. 43, 44 (Emphasis added). Similarly, under Hawaii's Temporary Disability Insurance Law, the State pays temporary disability benefits to an unemployed individual in an amount determined under the unemployment compensation laws of the State and which is payable only for the "remaining period that the unemployed individual could have received unemployment compensation had the individual not become disabled ([Hawaii Rev. Stat.] section 392-66)". Rev. Rul. 75-479, 1975-2, C.B. 44, 45 (Emphasis added). In contrast to the disability benefit programs for New York and *301 Hawaii, California's program does not determine the amount of disability benefits paid to an unemployed individual based on the amount he or she would have received but for the disability. Rather, in comparing California's unemployment compensation and disability benefits programs, we find that: (1) Disability benefits are higher than unemployment compensation (see Cal. Unemp. Ins. Code secs. 1280(c), 2655); (2) disability benefits extend for a longer payment period than unemployment compensation (see Cal. Unemp. Ins. Code secs. 1281(b)(1), 2653); and (3) the number of payment periods and weekly benefit amounts that may be collected under one program do not limit or change the number of payment periods and weekly benefit amounts that may be collected under the other. In other words, calculation of the benefits and payment periods are made independently for each program, see Cal. Unemp. Ins. Code secs. 1281(b)(1), 2653. Thus, an individual who collects 25 weeks of unemployment compensation and, in his 26th week, begins receiving disability benefits, may still receive the full 52 weeks of disability benefits even though he would have been eligible for only 1 more week of unemployment *302 compensation but for his disability. See Cal. Unemp. Ins. Code secs. 1280, 1281(b), 2653, 2655. It is evident from these differences that an individual receiving disability benefits from California may receive benefits in excess of the amount of unemployment compensation to which he otherwise would be entitled but for his disability. Because that "excess" amount could not have been collected as unemployment compensation, it cannot be considered "a substitute for" or "in the nature of" unemployment compensation under section 85. Consequently, such "excess" amount is not includable in gross income under section 85. [3] Conversely, disability benefits a taxpayer receives up to the amount he would have received in unemployment compensation but for his disability are payments in "substitute for" or "in the nature of" unemployment compensation, and, therefore, are includable in his gross income under section 85. *303 During 1987, petitioner received $ 2,158 in unemployment compensation, and $ 7,296 in disability benefits. The maximum unemployment compensation he could have received in 1987, is $ 4,316. [4] Thus, petitioner would have been entitled to receive an additional $ 2,158 of unemployment compensation had he not become disabled ($ 4,316 minus $ 2,158 of unemployment compensation he already received). Therefore, we hold that $ 2,158 of the disability benefits received by petitioner are "in the nature of unemployment compensation" and must be included in petitioner's gross income under section 85. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. References to payment schedules are based on those in effect for the year in issue, 1987, unless otherwise specified.↩
3. This case is distinguishable from Brown v. Commissioner, T.C. Memo. 1989-475. In Brown v. Commissioner, supra, we held that the taxpayer had to include disability benefits received under section 140.5 of the California Unemployment Insurance Code↩ (West 1986) in her gross income. We did not address whether the disability payments received by the taxpayer exceeded the amount which she otherwise would have received as unemployment compensation had she not been disabled. In the present case, respondent has conceded that such "excess" portion of petitioner's disability benefits are excludable from gross income.
4. For 1987, the highest weekly benefit amount of unemployment compensation was $ 166. Cal. Unemp. Ins. Code sec. 1280(c)↩. Thus, the maximum unemployment compensation an individual could have received in 1987 would be $ 4,316 ($ 166 x 26 weeks).